IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RANDY FURRA, *et al.* | § | |
| v. | § | CIVIL ACTION NO. 9:10cv146 |
| CITY OF NACOGDOCHES, TEXAS | § | |

MEMORANDUM OPINION AND ORDER
ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Plaintiffs filed the above-styled lawsuit in the 145th Judicial District Court in Nacogdoches County, Texas on October 1, 2010. The case was removed to this Court and filed on October 14, 2010. On November 30, 2010, the case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. Defendant filed a Motion for Summary Judgment (document #20) on February 10, 2011. Plaintiffs' deadline to respond was extended to May 4, 2011. To date, no response has been filed by Plaintiffs. For the reasons assigned below, the undersigned finds that Defendant's Motion for Summary Judgment should be granted.

*Background*

In this case, Plaintiffs Randy Furra, individually and d/b/a Randy Wrecker Service, and Roger McBride, individually and d/b/a McBride Towing, are suing the City of Nacogdoches pursuant to 42 U.S.C. § 1983. Plaintiffs own towing companies in Nacogdoches. They allege that the City

previously had a "rotation procedure for the towing of vehicles in the City of Nacogdoches," but a different procedure was adopted, whereby Plaintiffs are no longer in the "rotation" with regard to tows from the public streets of Nacogodoches and non-consent tows from private property.[1] Plaintiffs state that it was their understanding that they would be "grandfathered" in with regard to the new procedure, such that they would be retained on the rotation list, but that did not occur. Plaintiffs complain that the City additionally placed improper restrictions on the amount they could charge for their towing services. According to Plaintiffs, they were harassed by the police department in the form of filing frivolous charges and seeking out complainants to file meritless complaints against them in an effort to "run them out of the City of Nacogdoches."[2]

On February 10, 2011, Defendant filed a Motion for Summary Judgment.[3] To date, no response has been filed by Plaintiffs. On April 19, 2011, Plaintiffs filed a motion seeking an extension of time to respond to the motion for summary judgment. An Order was entered on April 22, 2011 granting the motion and extending the response deadline to May 4, 2011. Pursuant to Local Rule, CV-7(d), the Court assumes that Plaintiffs have no opposition to the motion. Further, in accordance with Local Rule, CV-56(c), "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy,

---

[1] Plaintiffs' Amended Complaint (document #11), p. 2-3, filed November 30, 2010.

[2] *Id.* at p.3.

[3] Defendant previously filed a Motion to Dismiss (document #3) on October 19, 2010, and a Motion to Reurge Motion to Dismiss (document #15) on December 30, 2010. Finding that the motion to dismiss should be converted to a Motion for Summary Judgment, the undersigned issued an Order on January 12, 2011 giving Defendant 30 days to submit a summary judgment motion presenting further evidence in support of the position asserted in the motion to dismiss. The motion for summary judgment at issue in this Memorandum Opinion and Order followed on February 10, 2011.

except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence."

In its Statement of Undisputed Facts, the City asserts that it is a home rule municipal corporation with a council-city manager form of government. The City Commission is the final policymaking body for the City. Article X, Chapter 102 of the City's Code of Ordinances establishes the procedures for and regulations of automobile tow trucks. On June 5, 2001, an ordinance amending Article X, Chapter 102 was adopted and provided that the City would select towing companies on a rotation basis from a list of all towing companies with a City permit. Permits were issued annually and expired on January 31st each year. The police chief could deny permits for failure to comply with the ordinance and permits could not be issued to persons whose permit had been revoked within the prior two years.

In 2006, changes to the ordinance were proposed and tow truck companies were invited to a meeting with the Nacogdoches Police Department to discuss the proposed changes. Plaintiffs attended the meeting in February 2006. The ordinance was later adopted at a public meeting on August 1, 2006 and became effective on February 1, 2007. The amended regulations included the following changes: (1) companies doing non-consent tows were required to have a storage facility; (2) extensive requirements were established for towing companies to be included on the tow rotation list; (3) more extensive procedures were established for issuing permits for tow trucks doing non-consent tows; (4) a procedure for administrative sanctions was established for certain violations; (5) maximum fees were set for non-consent tows; and (6) safety requirements were adopted for towing companies. The ordinance defines a consent tow as "any tow of a vehicle initiated by the owner or operator of the vehicle or by a person who has possession, custody, or control of the vehicle."

Section 102-365 of Article X. A non-consent tow is defined as "any tow of a vehicle that is not a consent tow." *Id*.

All towing permits issued under the previous ordinance expired on January 31, 2007 and all companies had to reapply for tow permits to begin on February 1, 2007 to be on the City's tow-rotation list. Furra was on the tow-rotation list until February 1, 2007. McBride was removed from the list on December 5, 2006 due to performance issues. Neither Furra nor McBride, nor any company owned by either of them, applied to be on the current tow rotation list or sought a permit for non-consent tows. As of October 10, 2010, there have been five complaints against Furra for charging excessive fees above the maximum set for non-consent tows. These incidents involve charging a fee in excess of that permitted by ordinance to owners of vehicles parked illegally on private property.

*Summary Judgment Standard*

Rule 56(c) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analysis*

In their Amended Complaint, Plaintiffs assert that: (1) the City improperly excluded them from the tow rotation, (2) the towing procedure is unconstitutional as written and as applied because it violates the due process and equal protection clauses of the Constitution, (3) their due process rights were violated when they were not allowed to participate in hearings concerning the new towing procedures, (4) the City cannot set a maximum for towing charges because the State of Texas permits a charge of $250.00 per tow, and (5) the harassment they have received is unconstitutional. As stated above, Plaintiffs did not respond to Defendant's motion for summary judgment. Plaintiffs have not submitted summary judgment evidence supporting the allegations set forth in the Amended Complaint.

In this case, Plaintiffs seek relief pursuant to 42 U.S.C. § 1983. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. To state a claim pursuant to § 1983, a plaintiff must allege facts showing: (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under the color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir.1999).

**Substantive Due Process**

All rights guaranteed by the Fourteenth Amendment, including substantive due process, are protected by § 1983. *Findeisen v. N.E. Indep. Sch. Dist.*, 749 F.2d 234, 237 (5th Cir.1984). Pursuant to the Fourteenth Amendment of the United States Constitution, no "State shall deprive any person of life, liberty, or property, without due process of law ..." U.S. CONST. Amend. XIV. Substantive due process protects individuals from arbitrary and unreasonable government action that deprives

any person of life, liberty or property. When asserting a substantive due process violation in a §
1983 case, a plaintiff must "first identify a life, liberty, or property interest protected by the
Fourteenth Amendment and then identify a state action that resulted in a deprivation of that
interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir.1995)(*citing San Jacinto Sav. &
Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir.1991) and *Board of Regents v. Roth*, 408 U.S. 564, 569,
92 S.Ct. 2701, 2705 (1972)). Establishing a violation of substantive due process requires a showing
that the government has deprived an individual of his liberty or property; stated differently, a
violation occurs only when the government "works a deprivation" of a "constitutionally protected
interest." *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 223, 106 S.Ct. 507, 512
(1985); *see also Simi Inv. Co. v. Harris County, Texas*, 236 F.3d 240, 249 (5th Cir.2000) (*citing
Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988)).

      Plaintiffs submit that their due process rights have been violated by the new ordinance
pertaining to the tow rotation. Plaintiffs do not specify in their pleadings whether they are asserting
a life, liberty or property interest that has allegedly been deprived, but presumably they are asserting
a property interest in remaining on the tow-rotation list. Prevailing on a substantive due process
claim requires Plaintiffs to first establish a constitutionally protected property right to which the
Fourteenth Amendment's due process protection applies. *Simi Inv. Co. v. Harris County, Texas,* 236
F.3d at 249-50.

      The Fifth Circuit has previously considered the issue of whether a towing company has a
property interest in remaining on a tow-rotation list. *See, e.g., Blackburn v. City of Marshall*, 42
F.3d 925 (5th Cir.1995); *Chavers v. Morrow*, 354 Fed.Appx. 938 (5th Cir.2009). To assert a viable
property interest, a plaintiff "must show that his interest in remaining on the rotation list is more than

a unilateral expectation . . ." *Blackburn*, 42 F.3d at 940. An interest stemming from a state statute or municipal ordinance may create a property interest if the ordinance employs mandatory language. *Chavers*, 354 Fed.Appx. at 941. Ordinance language concerning a tow rotation list may be mandatory if, for example, the police department is explicitly required to place or keep on the list any and all companies that meet the criteria of the ordinance. *Id.*

In this case, similar to the ordinance at issue in *Chavers*, the City's ordinance provides the police chief with discretion in maintaining the rotation list. The ordinance requires tow truck operators to have a permit to make rotation list non-consent tows in the City. Section 102-370(b) of the new ordinance provides that tow truck permits "may be suspended and/or revoked by the Chief of Police or the designee." Section 102-388 expressly provides the Chief of Police or his designee with the discretion to administer sanctions, ranging from a warning to removal from the tow rotation list, for violations of state law or the relevant ordinances. The ordinances at issue in this case do not contain the requisite mandatory language to confer a property interest in remaining on the tow-rotation list. *Chavers*, 354 Fed.Appx. at 941.

In addition to the above, it is notable that neither Plaintiff applied to be on the tow-rotation list for non-consent tows beginning on February 1, 2007 or thereafter. The ordinances do not affect Plaintiffs' businesses with regard to consent tows. Plaintiffs have not shown a property interest protected by the Fourteenth Amendment, as required to establish a substantive due process violation. As a result, Defendants are entitled to judgment as a matter of law on Plaintiff's substantive due process claim.

**Procedural Due Process**

Plaintiffs allege generally in the complaint that their due process rights were violated because they were not permitted to speak at the city council meeting when the ordinances were adopted. Texas law provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public . . ." Tex. Gov't Code Ann. §551.002. There is no similar requirement for the governmental body to also allow the public to speak at its meetings. *See Tex. Atty. Gen. Op. JC-0169* ("The Act does not give the public a right to speak at such meetings."). Further, enacting and amending ordinances fall within the City's legislative powers, as opposed to their administrative powers. *See, e.g., City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 674, 96 S.Ct. 2358, 2362 (1976). As such, Plaintiffs do not have procedural due process rights in relation to the passage of the ordinances. *See County Line Joint Venture v. City of Grand Prairie, Tex.*, 839 F.2d 1142, 1144 (5th Cir.1988). Plaintiffs have not shown a procedural due process violation and Defendant is entitled to judgment as a matter of law on this claim.

**Equal Protection**

Plaintiffs additionally allege that their equal protection rights have been violated. They do not explain their equal protection claim in the pleadings. The Fourteenth Amendment provides that States may not "deny to any person within its jurisdiction the equal protection of the laws." In other words, all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (1985). In general, legislation is presumed to be valid and will be upheld if the challenged classification drawn by the statute is "rationally related to a legitimate state interest." *Id.* at 440. An equal protection inquiry is only necessary when the challenged government action classifies or distinguishes between two or more relevant groups. *See*

*Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir.1993). "[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *F.C.C. v. Beach Communications Inc.*, 508 U.S. 307, 313, 113 S.Ct. 2096 (1993).

In this case, the challenged ordinances do not distinguish between classes of individuals or groups. It also does not have a disparate impact on members of a suspect class. The ordinances expressly apply to all towing companies. Plaintiffs have not produced evidence showing that similarly situated persons received more favorable treatment by the City. *See Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir.1996) ("We may conduct an equal protection inquiry only if the challenged government action classifies or distinguishes between two or more relevant groups."). Plaintiffs have not met their burden of showing a question of material fact as to whether the challenged ordinances violate the Equal Protection Clause of the Fourteenth Amendment and Defendant is entitled to judgment on this issue.

**Tow Fees**

Federal law does not restrict a state or city's authority to enact laws or ordinances relating to the price of tow truck services "if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle," otherwise referred to as non-consent tows. 42 U.S.C. § 14501(c)(2)(C). Texas law further provides that "[t]he governing body of a political subdivision may regulate the fees that may be charged or collected in connection with a non-consent tow originating in the territory of the political subdivision if the private property tow fees: (1) are authorized by commission rule; and (2) do not exceed the maximum amount authorized by commission rule." Tex. Occ. Code Ann. §2308.202. The ordinance at issue in this case regulates only fees that are charged for non-consent tows, which is authorized by federal and state law.

Plaintiff has not presented any evidence showing that fees charged for consent tows have been regulated by Defendant.

Having carefully considered the evidence, the Court finds that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law. It is accordingly

**ORDERED** that Defendant's Motion for Summary Judgment (document #20) is **GRANTED**. The complaint is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **24** day of **May, 2011.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JUDITH K. GUTHRIE
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE